Compiler of Law

IN THE SUPERIOR COURT OF GUAM

JULIANA MARIA BACHMAN,

              Plaintiff,

vs.

CHRISTOPHER SHAWN BACHMAN,

              Defendant.

DOMESTIC CASE NO.: DM0749-12

**DECISION & ORDER**
**(Motion to Dismiss)**

This matter came before the HONORABLE MARIA T. CENZON on April 3, 2013 on Plaintiff's Complaint for Divorce. Both parties appeared *pro se*. At the hearing, Plaintiff *orally* requested to dismiss the action and advised the Court that she had "spoken to somebody" to "have them file the paperwork." Upon inquiry if the parties seek to withdraw the Complaint, the parties affirmed. Given the intent to withdraw the action, The Court hereby **GRANTS** Plaintiff's Motion to Dismiss as per the parties' request.

## I.  PROCEDURAL BACKGROUND

On November 5, 2012, Plaintiff filed (1) a *Complaint for Divorce* on the grounds of irreconcilable differences; (2) a *Martial Settlement Agreement*; (3) an *Appearance and Waiver of Notice and Waiver of Rights Under the Soldiers' and Sailors' Civil Relief Act of 1940*; (4) a proposed *Interlocutory Judgment of Divorce*; and (5) a *Final Decree of Divorce*.

On November 9, 2012, Plaintiff filed: (1) a *Motion for Waiver of Six (6) Month Waiting Period Following Interlocutory Decree of Divorce*; and (2) an *Affidavit in Support of Motion for Waiver of Six (6) Month Waiting Period Following Interlocutory Decree of Divorce*.

Plaintiff later filed: (1) an *Affidavit in Support of Complaint for Divorce (Stating Reasons for Divorce and Explaining Request for Shortened Waiting Period Following Interlocutory Decree)*; and (2) a *Social Security Number Disclosure* on November 30, 2012.

## II. DISCUSSION

Rule 41(a) of The Guam Rules of Civil Procedure governs voluntary dismissals of actions, which may be effectuated: (1) by a plaintiff; (2) by stipulation; or (3) by order of the Court. Guam Rules of Civ. Pro. 41(a)(1) provides, "...an action may be dismissed by the plaintiff without order of the court: (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state commonwealth or territory of the United States an action based on or including the same claim." Guam Rules of Civ. Pro. 41(a)(2) provides, "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper...Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

Unless made during a hearing or trial, motions must be made in writing. Guam Rules of Civ. Pro. 7(b)(1)(providing, "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is

fulfilled if the motion is stated in a written notice of the hearing of the motion."). *See also* The Local Rules of the Superior Court of Guam, Civil Rule 7.1(b)(providing "Service of Motion and Accompany Papers. Every motion shall be presented in writing."); *and* CVR 7.1(c)(providing "there shall be filed and served (1) a Notice of Motion and Motion using CVR 7.1 FORM 1; (2) a memorandum in support thereof containing the points and authorities upon which the moving party relies, including citations; and (3) any affidavits or declarations under penalty of perjury sufficient to support any material factual contentions permitted by the Guam Rules of Civil Procedure.").

Plaintiffs are required to provide advanced notice of withdrawal or non-opposition. CVR 7.1(h)(providing "Any moving party who does not intend to press the motion or who intends to withdraw the motion, or any opposing party who does not intend to oppose the motion, shall, not later than seven (7) days after the date the last paper on that motion is filed, or the time for filing has elapsed, file and serve a notice of withdrawal or non-opposition.")

Here, the *pro se* parties are seeking an order to dismiss this matter due to their efforts of reconciliation. Plaintiff made her motion *orally* before the Court at the time in which their uncontested divorce hearing was to take place. Neither a notice of dismissal nor a stipulation *in writing* was filed by Plaintiff. Because of the parties' status as *pro se* litigants and in the interest of justice to avoid undue delay, the Court permitted Plaintiff's oral request for dismissal despite failing to comply with CVR 7.1(h) which requires such request to be made in writing, filed with the Court, and served on the opposing party. And Plaintiff's motion is timely as the interlocutory decree and final decree of divorce were never entered. *See* 19 G.C.A. 8321 providing ("After the entry of the interlocutory judgment, neither party shall have the right to dismiss the action without the consent of the other").

Given that the parties have agreed to reconcile and Defendant seeks no opposition, it is hereby ORDERED that the matter is **DISMISSED** without prejudice. All subsequent trial dates for pending actions related to this matter are hereby vacated.

**IT IS SO ORDERED** this 23rd day of April 2013.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

APR 2 3 2013

Roman P.P. Quinata
Deputy Clerk, Superior Court of Guam